IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDSEY D.,**[1]<br><br>             Plaintiff,<br><br>      v.<br><br>**KILOLO KIJAKAZI,** Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. 3:20-cv-2042-SI<br><br>**OPINION AND ORDER** |

Caitlin S. Laumaker and George J. Wall, LAW OFFICES OF GEORGE J. WALL, 825 NE 20th Avenue, Suite 330, Portland, OR 97232. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; David J. Burdett, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Lindsey D. seeks judicial review of the final decision of the Commissioner of

the Social Security Administration (Commissioner) denying Plaintiff's application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Insurance Benefits (DIB) under Title II of the Social Security Act (Act). For the following reasons, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed an application for DIB on February 22, 2018. AR 186. Plaintiff alleged a disability onset date of January 3, 2018. *Id.* Plaintiff was born on October 2, 1990 and was 27

years old as of the alleged disability onset date. *Id.* Plaintiff's claim was denied initially on November 8, 2018 and upon reconsideration on February 11, 2019. AR 95-96, 102. Plaintiff requested a hearing before an ALJ, at which Plaintiff testified on December 13, 2019. AR 29, 111. The ALJ affirmed the Commissioner's decision on February 21, 2020, finding Plaintiff not disabled and thus not entitled to DIB. AR 10. Plaintiff applied for review of the ALJ's decision, and the Appeals Council denied Plaintiff's request for review on September 28, 2020, making the ALJ's decision final. AR 1. Plaintiff now appeals to this Court.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.

PAGE 3 – OPINION AND ORDER

        20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

C. The ALJ's Decision

As a preliminary matter for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirement through March 31, 2023. AR 15. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity after the alleged disability onset date. *Id.* The ALJ noted that, although Plaintiff did complete some work activity after the alleged onset date, "there was a significant break between her alleged onset date and the initiation of her work activity, the substantial gainful activity lasted for less than six months, and [Plaintiff] stopped working due to interference from her mental impairments." *Id.* The ALJ then concluded that this work activity was an unsuccessful work attempt. AR 15-16. At step two, the ALJ identified Plaintiff's severe impairments, including anxiety, depression, trauma disorder, learning disability, and below average intellectual functioning. AR 16.

At step three, the ALJ found that Plaintiff does not meet the severity requirements of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (hereinafter "Listing"). *Id.* The ALJ specifically found that Plaintiff does not have an intellectual disability under Listing 12.05B. *Id.* To support this finding, the ALJ relied on the results of a consultative psychological examination with Dr. Marc Stuckey, and on the testimony of consulting medical expert Dr. Richard Cohen. AR 17. The ALJ also relied on statements made by Plaintiff and Plaintiff's mother regarding Plaintiff's shopping, socializing, driving, and personal maintenance

habits. AR 17-18. Finally, the ALJ relied on other evidence in the record, including Plaintiff's General Adaptive Composite Score, and the fact that Plaintiff graduated high school on an individualized education program (IEP) and with a modified diploma. AR 16-17.

The ALJ next assessed Plaintiff's RFC. The ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels but that Plaintiff was limited to simple, routine work in a workplace with no more than occasional workplace changes, and further limited to occasional contact with co-workers, and brief, superficial contact with the public. AR 19.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 22. At step five, based on an exchange with a vocational expert, the ALJ identified jobs that exist in the national economy that Plaintiff could perform. AR 23. These jobs include industrial cleaner, garment sorter, and canner worker. *Id.* The ALJ then concluded that Plaintiff had not been under a disability, as defined by the Act, from January 3, 2018, through the date of the decision. AR 24.

## DISCUSSION

Plaintiff raises two objections. She asserts that the ALJ erred in failing to develop the record fully and fairly and by improperly determining that Plaintiff's impairments did not meet or equal Listing 12.05B.

**A. Duty to Develop the Record**

Although the Plaintiff is ultimately responsible for providing sufficient medical evidence of a disabling impairment, "the ALJ has a special duty to develop the record fully and fairly and ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's duty to further develop the record, however, is triggered only when the evidence is ambiguous, when the ALJ finds that the record is inadequate for a proper evaluation of the evidence, or when the ALJ relies

on an expert's conclusion that the evidence is ambiguous. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150.

Plaintiff argues that the record required further development because "Dr. Cohen repeatedly state[d] that he did not have enough evidence to provide a reliable opinion." Plaintiff also argues that Dr. Cohen did not fully address the 12.05B criteria. The Commissioner responds that the ALJ's duty to further develop the record was not triggered because the evidence in this case was not ambiguous or inadequate to allow the ALJ to evaluate whether Plaintiff's mental impairments met Listing 12.05B.

In *Ford v. Saul*, the Ninth Circuit found that the ALJ did not have a duty to re-contact physicians to develop the record because the evidence was neither ambiguous nor insufficient. 950 F.3d 1141, 1156 (9th Cir. 2020). This was because "the ALJ had years of [Plaintiff's] mental health records and multiple opinions from non-examining psychiatrists to inform [the ALJ's] decision." *Id.* Similarly, in *McLeod v. Astrue*, the Ninth Circuit reasoned that "substantially all of [the physicians'] medical records throughout the time they treated McLeod were before the ALJ," providing sufficient information for the ALJ to render a decision. 640 F.3d 881, 884 (9th Cir. 2011); *see also Carson v. Comm'r of Soc. Sec.*, 2020 WL 5039255, at *5 (E.D. Cal. Aug. 26, 2020) (holding that the ALJ's duty to develop the record was not triggered when there existed "abundant medical evidence in the record, including treatment notes and multiple opinions from both examining and non-examining psychiatrists").

PAGE 7 – OPINION AND ORDER

This case is analogous to both *Ford* and *McLeod*. As in *Ford* and *McLeod*, the ALJ in this case had access to all of Plaintiff's relevant physical and mental health records through the alleged disability onset date. AR 330-592. Also, as in *Ford*, the ALJ had access to multiple opinions from examining and non-examining physicians. In analyzing whether Plaintiff met any Listing at step 3, the ALJ explicitly relied on the testimony of examining physician Dr. Stuckey, in addition to the testimony of Dr. Cohen. AR 17. Under step four, the ALJ specifically relied on the testimony of Dr. Winifred Ju and Dr. Irmgard Friedburg, state agency psychological consultants, in addition to that of Dr. Stuckey and Dr. Cohen. AR 22. It was thus reasonable for the ALJ to determine that the record was adequately developed.

Notably, even discounting Dr. Cohen's statements (as Plaintiff asserts the ALJ should have), the ALJ still reasonably could have determined that the record was adequately developed based on Plaintiff's medical records, lay testimony, and the testimony of other physicians. But both Plaintiff and the Commissioner mischaracterize Dr. Cohen's statements. At the beginning of his testimony, Dr. Cohen said "there really is going to be insufficient evidence . . . I don't have anything since October 2017 for any treatments . . . I can tell you what we had before then. I have no idea afterwards." AR 37-38. Dr. Cohen does not characterize his own testimony as "unreliable," as Plaintiff argues. Nor are Dr. Cohen's statements blanket suggestions that there is lack of evidence to support any disabling impairment, as the Commissioner suggests. Dr. Cohen's statements simply convey that he is certain of his findings only before October 2017. At the hearing, Plaintiff confirmed she had not had any mental health treatment after October, 2017. AR 37. Plaintiff alleges disability beginning on January 3, 2018, relying on the earlier years of medical and personal history to evidence her disability. AR 186. Those earlier years of medical history are what Dr. Cohen reviewed and discussed. It was reasonable,

PAGE 8 – OPINION AND ORDER

therefore, for the ALJ to rely on Dr. Cohen's findings in addition to those of the other consulting and examining physicians.

## B.  Listing 12.05B

If an ALJ determines that a plaintiff has an impairment (or combination of impairments) that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not make any further finding as to that plaintiff's ability to perform past relevant work or other jobs. 20 C.F.R. § 404.1520(d). The ALJ must consider the combined effect of all the individual's impairments rather than their effects individually. 20 C.F.R. § 416.923(c). Listing 12.05B for intellectual disorders provides:

> B. Satisfied by 1, 2, and 3 (see 12.00H):
>
> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>
>> a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>>
>> b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
>
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>> a. Understand, remember, or apply information (see 12.00E1); or
>>
>> b. Interact with others (see 12.00E2); or
>>
>> c. Concentrate, persist, or maintain pace (see 12.00E3); or
>>
>> d. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or

>supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § 404, Subpt. P, App. 1, 12.05. Thus, satisfying Listing 12.05B requires all three elements.

A plaintiff has a marked limitation when "functioning in [an] area independently, appropriately, effectively, and on a sustained basis is seriously limited." *Id.* at 12.00F2. A plaintiff has an extreme limitation when he or she is "not able to function in [an] area independently, appropriately, effectively, and on a sustained basis." *Id.*

Plaintiff specifically claims that the ALJ erred in failing to determine that Plaintiff met Listing 12.05B, because "the only medical source to issue an opinion on the listing, Dr. Cohen, waffled due to his uncertainty about the evidence and guessed at only moderate limitations in the B Criteria." Plaintiff claims that the ALJ erred by basing her findings on the purportedly unreliable testimony of Dr. Cohen, and that the ALJ's conclusions were not supported by substantial evidence.

The ALJ found that Plaintiff's most recent full-scale IQ score was 69, satisfying the first requirement of Listing 12.05B. AR 19. To determine whether Plaintiff met the second requirement, the ALJ weighed the evidence relevant to each of the four limitations in Listing 12.05B and reached a conclusion about the severity of each. AR 16-19. The ALJ first found that Plaintiff has a moderate limitation in understanding, remembering, or applying information. AR 16-17. The ALJ based this conclusion on the fact that Plaintiff graduated high school on an IEP and with a modified diploma, Plaintiff's average General Adaptive Composite Score, and statements by Plaintiff's mother suggesting that Plaintiff had difficulty understanding and remembering things. *Id.* The ALJ also considered observations made by Dr. Stuckey during Plaintiff's psychological consultative examination, specifically that Plaintiff was able to

complete two of three parts of a verbal instruction and repeat three words immediately and following a delay of one to two minutes. AR 17. Last, the ALJ considered Dr. Cohen's opinion that Plaintiff has a moderate limitation in this area. *Id.*

The ALJ next determined that Plaintiff has a moderate limitation in interacting with others. *Id.* She considered Plaintiff's mother's statements indicating that Plaintiff has difficulty making and keeping friends and tends to have poor social judgment with respect to personal boundaries and privacy. *Id.* The ALJ also considered testimony from Plaintiff, specifically Plaintiff's testimony that she is currently living with two roommates in a townhouse that they all rent, and that she gets along very well with her roommates and landlord. *Id.* Despite Dr. Cohen's opinion that Plaintiff has only a mild limitation in this area, the ALJ concluded that Plaintiff has a moderate limitation in interacting with others. *Id.*

In determining the severity of the third limitation, concentrating, persisting, or maintaining pace, the ALJ found that Plaintiff has a moderate limitation. *Id.* The ALJ based this conclusion on testimony from Plaintiff's mother that Plaintiff struggles with written directions, but fares better with spoken directions, and that Plaintiff struggles to learn new routines. *Id.* Additionally, the ALJ noted that, upon Plaintiff's examination with Dr. Stuckey, Plaintiff did not appear hyperactive or fidgety. *Id.* At the examination, Plaintiff completed two of three parts of a set of verbal instructions, recited the alphabet backwards, and could count from 1-20. *Id.* The ALJ did recognize that Plaintiff refused to recite serial threes, and inverted 18 and 19 when counting backwards from 20. *Id.* Finally, the ALJ noted Dr. Cohen's opinion that Plaintiff has a moderate limitation in this area. *Id.*

The ALJ finally determined that in adapting or managing oneself, Plaintiff has a moderate limitation. *Id.* Plaintiff's mother reported that Plaintiff has a hard time managing

money, remembering to take her medications, and remembering to do chores. *Id.* Plaintiff testified that she can drive herself to different places, shop in stores, and tend to her personal hygiene. *Id.* After consulting the evidence, Dr. Cohen opined that Plaintiff has a mild limitation in adapting or managing herself. *Id.* The ALJ, however, weighing Plaintiff's statements and other evidence, ultimately determined that Plaintiff has a moderate limitation in adapting and managing herself. *Id.*

At each of the four limitations, the ALJ considered multiple pieces of evidence, including lay testimony, expert medical testimony, and additional medical and scholastic evidence. At no point did the ALJ rely entirely on the medical opinion of Dr. Cohen, as Plaintiff suggests. In fact, the ALJ twice found that the Plaintiff's limitations were more severe than Dr. Cohen had determined. *See id.* For a finding of substantial evidence, the threshold for evidentiary sufficiency is not high. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Thus, the ALJ did not err in finding that there exists substantial evidence indicating that Plaintiff's impairments do not meet or medically equal the requirements of Listing 12.05B

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 3rd day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge